LEROY A. GRAHAM v. JOHN J. BRYANT.

[48 South. 518.]

REFORMATION OF DEEDS. *Right of action. Imperfect description of land. Series of deeds. Original grantor requiring title.*

> The grantee in a deed imperfectly describing the lands conveyed, after conveying them to another by the same imperfect description, cannot have reformation of the deed to him where his grantor has re-acquired the title to the lands from a remote grantee, all the deeds in the series alike imperfectly describing the premises.

FROM the Chancery court of Covington county.

HON. THADDEUS A. WOOD, Chancellor.

Bryant, appellee, was complainant in the court below; Graham, appellant was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The defendant sold and conveyed to complainant a tract of land, the deed imperfectly described the premises, the description mistakenly used in the deed covering only a part of the land actually sold. The complainant mortgaged the land. Mortgage—in form of a deed of trust—was foreclosed and the purchaser at the foreclosure sale, one Lott, bought the entire tract and took possession of it. Lott, the purchaser at the foreclosure sale, sold and conveyed the entire tract to one Odom, and Odom then sold and conveyed it to defendant, Graham, appellant. All the deeds evidencing these several conveyances mistakenly used the same imperfect description of the premises contained in the first one. After the land had been conveyed in a circle so to speak, and had returned to defendant Graham, the complainant Bryant began this suit seeking a reformation of the deed to him, the first one in the series, so as to perfect the description.

*Corley & Sharbrough,* for appellant.

Appellee, while he did not secure a deed for all the land, acquired the same benefits as if he had.

The chancellor in the court below decided the question upon the fact that it devolved upon appellant, defendant there, to show that the land would not have brought more at the trustee's sale than it did had the mistake not been made. It is clearly shown by the evidence that all parties concerned in this matter were ignorant of any mistake at the time, and that no mistake was ever discovered or mentioned until the last deed, investing the land in appellant here, was placed of record.

Appellant is a purchaser of this land for a valuable consideration, even though he had never parted with the record title, and appellee has secured all the benefit to which he was entitled.

*McIntosh Brothers,* for appellee.

The only reason appellant assigns why the mistake in the deed should not be corrected is that he himself has made two mistakes. He does not deny the allegations of the bill, but undertakes to justify himself by asserting that he has become the purchaser of the land and has made the same mistake himself in his last purchase that was made in his favor when he originally sold the land. The learned chancellor was of the opinion that appellee under the proof was entitled to the relief, and we are confident this court will not disturb the finding of the court below.

There is no difficulty in arriving at the facts, both parties have sworn truthfully, and Graham, appellant, must be the sufferer because he made two mistakes and Mr. Bryant, the appellee, is wholly without fault unless ignorance be a crime.

MAYES, J., delivered the opinion of the court.

The facts of this case show conclusively that the deed made by Graham to Bryant did not contain in its description all the land intended to be conveyed. Only about fifty acres of the one hun-

dred intended to be conveyed by the deed lay in section 20 ; the other fifty acres being in sections 21 and 29. The deed recited that the whole one hundred acres lay in section 20. Graham thought he had conveyed the land in sections 21 and 29, as well as that in section 20 ; and Bryant thought the deed embraced all the land lying in sections 20, 21, and 29. None of the parties seemed to know that sections 21 and 29 contained any of the land in question but believed it all lay in section 20. Shortly after the deed was made in which this error occurs, Bryant gave a deed in trust on the land as described in the deed under the impression that it contained all the land. The beneficiary in the trust deed took same under the belief that all the land was in this deed in trust. Subsequently, and because the debt for which the deed in trust was given was not paid, all of the land in section 20, and in 21 and 29, was sold, or believed to have been sold, by the trustee, for the payment of this debt, and the purchaser bought, believing that he was getting the land in section 20, and also the land subsequently found to be in sections 21 and 29, and his bid was predicated of this idea. While it is true that this property was not in the deed, it is also true that Bryant has received all the benefit which could have accrued to him if the property had, in fact, been included in the deed. Every person subsequently dealing with this property dealt with it in the belief that all the property in sections 20, 21, and 29 was in the deed, and paid for it accordingly. Bryant has not been damaged in any way by the failure to put this property in the original deed. While it may be true that the amount bid at the trustee's sale was not as much as the property ought to have brought, yet it appears that Bryant himself caused this result by trying to keep away bidders in his own interest. Under the facts in this case it presents no equity which would warrant the court in making the decree reforming and correcting the deed, and vesting title of the land lying in sections 21 and 29 in Bryant.

*Reversed and bill dismissed.*